**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| TOMMELIK ROWE, | § | |
| | § | No. |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

## COMPLAINT AT LAW

Plaintiff, TOMMELIK ROWE (hereinafter "Plaintiff" or "Rowe"), by the undersigned counsel, hereby files its Complaint and shows the Court as follows:

### JURISDICTION

1.  Upon information and belief, Defendant, John Doe (hereinafter "Defendant"), is an individual who has created and operates the YouTube account with the username "adv1ll". This Complaint shall be amended as necessary upon identification of Defendant.

2.  Plaintiff is and at all times relevant has been a citizen of the state of California.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because, upon information and belief, many of the events giving rise to these claims occurred in this jurisdiction, including, but not limited to, the viewing of Defendant's defamatory YouTube video by third parties.

4.  The Court has jurisdiction under 28 U.S.C § 1332 because the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, upon information and belief,

Defendant is not a citizen of the state of California, and Plaintiff is a citizen of the state of California.

## INTRODUCTION

5. This lawsuit emanates from Defendant's publishing of malicious and false statements to third parties, which have resulted in great harm and damage to Plaintiff.

6. Plaintiff, Tommelik Rowe, is an American Hip-Hop and Rap artist professionally known as "ilyTOMMY." In the past, Rowe has been professionally known as "loverboi" and "haroinfather."

7. On February 28, 2023, Defendant posted on his YouTube page, without Plaintiff's knowledge or permission, a sixteen-minute-long video titled "The Truth Behind TikTok's Most Disgusting Rapper – ilyTOMMY" (hereinafter the "YouTube Video").

8. The YouTube Video contains false and damaging statements related to Plaintiff, including statements indicating that Plaintiff:

    a. sent sexually explicit messages to a 14-year-old;

    b. sent audio messages to a minor asking for explicit pictures in exchange for money;

    c. would give "shoutouts" on social media to minors if these minors sent Plaintiff sexually explicit pictures;

    d. "doxed" a girl on his Instagram livestream after she accused him of rape.

9. Defendant's actions were intentional and malicious and were done for the purpose of causing Plaintiff to suffer humiliation and embarrassment.

10. Many persons who viewed the YouTube Video believed that these statements were true and accurate.

11.     Many of the statements contained in the YouTube Video were false and libelous on their face and exposed the Plaintiff to hatred, contempt and ridicule.

12.     As a proximate result of the YouTube Video, Plaintiff's reputation in the music industry was damaged causing his record label to stop allocating resources to promoting Plaintiff's music.

13.     As a proximate result of the publication of the YouTube Video, the Plaintiff has suffered and continues to suffer loss of his reputation.

14.     The statements made by Defendant were not privileged and were published by Defendant with malice, hatred and ill will toward Plaintiff and a desire to injure him. Because of such malice, Plaintiff seeks punitive damages from Defendant.

### COUNT I – DEFAMATION PER SE

15.     Plaintiff restates and incorporates by reference the allegation contained in Paragraphs 1 through 14 as if fully stated herein.

16.     Defendant's YouTube Video from February 28, 2023, constitutes defamation per se because:

a.   The statements contained in the YouTube Video are false;

b.   The statements contained in the YouTube Video state and infer that Plaintiff has committed multiple criminal offenses, including, but not limited to, engaging in sexual misconduct with minors;

c.   Defendant, without privilege or permission, shared the YouTube Video to third parties, including, but not limited to, over 6,500 viewers on YouTube's website.

d.   The statements contained in the YouTube Video have severely damaged Plaintiff's character and reputation in his peer community and professional

community, as well as diminished his future prospects for recording, endorsement, and sponsorship opportunities.

    e.   The statements contained in the YouTube Video have exposed Plaintiff to public hatred, contempt, and/or ridicule, causing injury to Plaintiff's emotional, physical and social wellbeing both now and in the future.

17.    Defendant knew or should have known that the statements contained in the YouTube Video were false.

18.    Defendant's statements caused Plaintiff actual and provable harm to his professional reputation in that other professionals in the music and entertainment industry as well as current and potential consumers believe that Defendant is a pedophile and/or engages in pedophilia.

## COUNT II – DEFAMATION PER QUOD

19.    Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 18 as if fully stated herein.

20.    Defendant's statements to third parties constitute defamation per quod because:

    a.   The statements contained in the YouTube Video are false;

    b.   The statements contained in the YouTube Video state and infer that Plaintiff has committed multiple criminal offenses, including, but not limited to, engaging in sexual misconduct with minors;

    c.   Defendant, without privilege or permission, shared the YouTube Video to third parties, including, but not limited to, over 6,500 viewers on YouTube's website.

    d.   The statements contained in the YouTube Video have severely damaged Plaintiff's character and reputation in his peer community and professional

community, as well as diminished his future prospects for recording,

endorsement, and sponsorship opportunities.

  e.  The statements contained in the YouTube Video have exposed Plaintiff to public

hatred, contempt, and/or ridicule, causing injury to Plaintiff's emotional,

physical and social wellbeing both now and in the future.

21.  Defendant knew or should have known that the statements contained in the YouTube
Video were false.

22.  Defendant's statements concern an issue of public interest.

23.  Defendant acted with actual malice when it made the statements about Plaintiff.

24.  Defendant's statements caused Plaintiff actual and provable harm to his professional
reputation in that other professionals in the music and entertainment industry as well as current
and potential consumers believe that Defendant is a pedophile and/or engages in pedophilia.

## COUNT III – FALSE LIGHT

25.  Plaintiff restates and incorporates by reference the allegations contained in
Paragraphs 1 through 24 as if fully stated herein.

26.  Defendant's publication of the YouTube Video placed misleading information about
Plaintiff before the public, creating an assertion that Plaintiff had been involved in vile and serial
criminal and sexual conduct when he had not.

27.  Further, Defendant published the YouTube Video with knowledge that the statements
it contained were false or with reckless disregard of their falsity, and with the intention to place
Plaintiff in a false light, and with knowledge of the false light in which Plaintiff would be placed.

28.  The statements contained in Defendant's YouTube Video accusing Plaintiff of vile
and serial criminal and sexual conduct, stating or implying likelihood of future harm to others,

are highly offensive and injurious to Plaintiff's past, current, and future character, reputation and stature in the community, and by their nature, would be highly offensive to any reasonable person.

29.     The fact that internet users on YouTube and Twitter have publicly expressed outrage, disgust, and hatred towards Plaintiff proves that Defendant's statements are highly offensive to any reasonable person.

30.     Defendant's statements expressly identify Plaintiff.

31.     Defendant's statements contain information that identifies Plaintiff.

32.     Defendant's statements concern an issue of public interest.

33.     Defendant acted with actual malice when he made the statements about Plaintiff.

34.     Defendant published his statements with reckless disregard to Plaintiff's reputation, physical safety, and with reckless disregard for the falsity of its statements.

35.     As a result, Defendant's actions proximately caused Plaintiff to suffer great financial harm, embarrassment, extreme emotional distress, and harm to Plaintiff's professional reputation.

## COUNT IV – INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

36.     Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 35 as if fully stated herein.

37.     Defendant's conduct of publishing false statements that Plaintiff is a pedophile and/or engages in pedophilia is extreme and outrageous.

38.     Defendant's conduct of publishing false statements that Plaintiff is a pedophile and/or engages in pedophilia goes beyond the bounds of common decency.

39.     Defendant's conduct of publishing false statements that Plaintiff is a pedophile and/or engages in pedophilia is offensive to any reasonable person.

40.     Defendant intended to cause Plaintiff emotional distress and/or knew that there was a high probability that his conduct would cause such emotional distress.

41.     Plaintiff has experienced extreme emotional distress as a result of Defendant's conduct.

42.     Plaintiff has experienced anxiety as a result of Defendant's conduct.

43.     Plaintiff has experienced mental anguish as a result of Defendant's false statements.

44.     Plaintiff has experienced embarrassment and humiliation as a result of Defendant's conduct.

## COUNT V – NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS

45.     Plaintiff restates and incorporates by reference the allegations contained in Paragraphs 1 through 44 as if fully stated herein.

46.     Defendant's conduct of publishing false statements that Plaintiff is a pedophile and/or engages in pedophilia is extreme and outrageous.

47.     Defendant's conduct of publishing false statements that Plaintiff is a pedophile and/or engages in pedophilia goes beyond the bounds of common decency.

48.     Defendant's conduct of publishing false statements that Plaintiff is a pedophile and/or engages in pedophilia is offensive to any reasonable person.

49.     Defendant intended to cause Plaintiff emotional distress and/or knew that there was a high probability that his conduct would cause such emotional distress.

50.     Defendant failed to exercise reasonable care for Plaintiff's emotional state when he published his false statements.

51.     Plaintiff has experienced extreme emotional distress as a result of Defendant's conduct.

52.     Plaintiff has experienced anxiety as a result of Defendant's conduct.

53.     Plaintiff has experienced mental anguish as a result of Defendant's false statements.

54.     Plaintiff has experienced embarrassment and humiliation as a result of Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1)      That this Court award Plaintiff all damages stemming from Defendant's defamatory statements, including, but not limited to, punitive damages in the amount in excess of seventy-five thousand dollars ($75,000);

2)      That this Court grant injunctive relief in the form of ordering Defendant to remove the defamatory YouTube Video from the internet;

3)      And for such further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff, Tommelik Rowe, hereby requests a trial by jury on all issues so triable herein.


Respectfully submitted,


By: */s/ Jeffrey S. Becker*_____
        One of Plaintiff's Attorneys

Jeffrey S. Becker (jbecker@smbtrials.com)
Brentyn D. Baccega (bbaccega@smbtrials.com)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois  60611
Phone: (312) 321-9100